1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Jason G. Van Norman,                )   No. CV-06-1808-PHX-DGC (LOA)
                                         )
10              Petitioner,              )   **REPORT AND RECOMMENDATION**
                                         )
11  vs.                                  )
                                         )
12  Dora B. Schriro, et. al,             )
                                         )
13              Respondents.             )
    _____ )

14

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by a Person in State

16  Custody pursuant to 28 U.S.C. § 2254 alleging that Petitioner's aggravated sentence violates

17  the Sixth Amendment because the aggravating factors were not submitted to a jury and proved

18  beyond a reasonable doubt.  (docket # 1)  Respondents have filed an Answer (docket # 12) to

19  which Petitioner has replied.  (docket # 14)

20                    **FACTUAL AND PROCEDURAL BACKGROUND**

21          On March 18, 2003, the State filed an information in CR2003-009497-001DT[1] charging

22  Petitioner with theft of a means of transportation, a class 3 felony. (Respondents' Exh. B) The

23  State also alleged that Petitioner had three prior felony convictions and had committed the

24  charged offense while released on bond. (Respondents' Exh. B) On September 25, 2003,

25  pursuant to a plea agreement, Petitioner pled guilty to theft of a means of transportation with

26  one prior felony conviction. (Respondents' Exh. C)  Petitioner's conviction of theft of a means

27

28          [1]  Although CR 2003-009497-001DT was bundled with CR 2003-006701-001DT,
    Petitioner only challenges his sentence in CR 2003-009497-001DT in the pending Petition.

of transportation with one prior felony conviction, a class three felony, yielded a minimum sentence of 4.5 years imprisonment, a presumptive term of 6.5 years, and a maximum term of 13 years.  A.R.S. § 13-604(B).   Arizona Revised Statutes § 13-702(B), 13-702(C) further provide that the sentence may be mitigated by a maximum of two years or aggravated up to three years.

On January 9, 2004, the trial court[2] accepted the plea and sentenced Petitioner to an aggravated term of ten years' imprisonment.  (Respondents' Exh. F at 27-28) During the sentencing hearing, the trial court found the following aggravating factors: (1) Petitioner's prior criminal history, which included three prior felony convictions; (2) the harm Petitioner caused the victim; and (3) the danger to which Petitioner exposed other members of the public. (Respondents' Exh. F at 27)

### *Rule 32 "of-right" Proceeding*

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32.  Ariz. R. Crim. P. 32.1, 32.4.  On February 12, 2004, Petitioner filed a timely notice of post-conviction relief under Ariz. R. Crim. P. 32. (Respondents' Exh. G).  On August 23, 2004, Petitioner's counsel filed a Petition for Post-Conviction relief alleging that trial court violated the Sixth Amendment and *Blakely's* holding by imposing an aggravated sentence based on aggravated factors which were not found by a jury. Petitioner argued the court should re-sentence him to the presumptive sentence.  (Respondents' Exh. I)

On March 7, 2005, the trial court granted post-conviction relief and vacated the ten-year aggravated sentence finding that Petitioner's sentence violated *Blakely*. (Respondents' Exh. L) The trial court explained:

> [T]he court made subjective findings of the existence of several non-prior conviction aggravating factors used to enhance the sentences. Thus, absent a waiver of a jury trial and the proof beyond a reasonable doubt requirement, any sentence in excess of the

[2]The Honorable Thomas W. O'Toole presided.

presumptive term is constitutionally defective and must be set aside. *Blakely v. Washington*, ___ U.S.___ (June 24, 2004).

* * *

The state is also incorrect in claiming that because the sentencing court properly found one undisputed aggravating factor existed (the defendant's prior convictions), the defendant is not entitled to a jury on the remaining aggravating factors. This analysis has been expressly rejected in *State v. Resendis-Felix*, _Ariz._; 100 P.3d 457 (App. 2004); *State v. Timmons*, 209 Ariz. 403, 103 P.3d 315 (2005); and most recently in *State v. Munninger*, 209 Ariz. 473, 104 P.3d 204 (App. January 20, 2005). In addition, as in *Timmons*, here the court cannot say that the aggravating factors evidence was so overwhelming that no jury could find that the state would fail to prove each factor beyond a reasonable doubt. Thus, the failure to submit the aggravating factors to a jury was not harmless error beyond a reasonable doubt.

(Respondents' Exh. L)

On April 5, 2005, the State sought review of the trial court's ruling in the Arizona Court of Appeals. (Respondents' Exh. M) On January 19, 2006, the Arizona Court of Appeals granted the State's petition for review, vacated the trial court's order, and reinstated the aggravated sentence. (Respondents' Exh. O) The Arizona Court of Appeals explained that:

Since the trial court granted relief in this matter, our Supreme Court decided *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618 (2005). In *Martinez*, our Supreme Court held that once a single aggravating factor has been properly established in accordance with *Blakely*, the sentencing judge may find and consider additional aggravating factors in its determination of the appropriate sentence to be imposed. *Martinez*, 210 Ariz. at 585, ¶ 26, 115 P.3d at 625. Here, one of the aggravating factors found by the trial court was the fact of prior felony convictions. A prior felony conviction is a "*Blakely* exempt" factor. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Thus, Van Norman was not entitled to a jury trial on the fact of prior felony convictions, and, having established one valid aggravating circumstance, the trial court was free to find other aggravating factors by a preponderance of the evidence. *Martinez*, 210 Ariz. at 585, ¶ 26, 115 P.3d at 625.

(Respondents' Exh. O)

On March 23, 2006, Petitioner petitioned the Arizona Supreme Court for review which was denied on June 22, 2006. (Respondents' Exhs. P, Q)

- 3 -

### ***The Petition***

Thereafter, Petitioner timely filed the pending Petition for Writ of Habeas Corpus alleging that his aggravated sentence violates the Fifth Amendment and his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.  (docket #1) Respondents assert that Petitioner properly exhausted his claim with the exception of the Fifth Amendment component. (docket #12) Respondents also assert Petitioner is not entitled to relief because *Blakely* is not retroactive and the state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal Law. (docket #12) Petitioner claims his conviction became final after *Blakely* was decided making the issue of retroactivity moot and, therefore, his Petition should be granted. (docket #14)

## ANALYSIS

## I. Statute of Limitations

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court.  Before the AEDPA, virtually no time limit restrained the filing of federal habeas petitions. *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1286 (9th Cir. 1997) (*Beeler*), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in* part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999).  The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.

Title 28 U.S.C. § 2244 provides, in pertinent part:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of-

(A) the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added).

**A. "Final by Conclusion of Direct Review"**

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). However, Petitioner retained the right to seek review in an "of-right" proceeding pursuant to Ariz. R. Crim. P. 32. Ariz. R. Crim. P. 32.1, 32.4.

The Ninth Circuit recently addressed, as a matter of first impression, the question of when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of direct review" for purposes of 28 U.S.C. § 2244(d)(1). *Summers v. Schriro*, 481 F.3d 410, 411 (9th Cir. 2007). The Ninth Circuit held that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)." *Id.* at 711. The *Summers* court explained "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Id.*

Before *Summers*, the Ninth Circuit assumed, without deciding, that an Arizona pleading defendant's conviction became final upon sentencing because the guilty plea waives his right to direct appeal. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055 (9th Cir. 2004). In accordance with *Isley*, Respondents assert that Petitioner's conviction became final on January 9, 2004, the date on which the trial court entered judgment and sentenced Petitioner. (docket # 12) After *Summers*, it is clear Petitioner's conviction did not become final on the date of sentencing.

Under *Summers*, because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers*, 418 F.3d at 711.

- 5 -

Here, Petitioner pleaded guilty and was sentenced on January 9, 2004. (Respondents' Exh. F) By virtue of his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding. Under Ariz. R. Crim. P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32.  Ariz. R. Crim. P. 32.1, 32.4(a)(stating "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.") Petitioner filed a timely notice of Rule 32 review on February 12, 2004  (Respondents' Exh. G) which was pending until the Arizona Supreme Court denied review on June 22, 2006. (Respondents' Exh. Q)

Recently, in *Hemmerle v. Schriro*, ___ F.3d___, 2007 WL 2050945, * 7 n. 4 (9th Cir., July 19, 2007), the Ninth Circuit reiterated its holding in *Summers* that a Rule 32 "of-right" proceeding should be treated as direct and not collateral review.  Accordingly, after the Arizona Supreme Court denied review Petitioner had ninety days in which to petition the United States Supreme Court for a writ of certiorari.  Petitioner did not seek review in the United States Supreme Court.  Therefore, his conviction became final on or about September 22, 2006.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (holding that for purposes of § 2244, the definition of "final" includes the 90-day period in which a defendant may file a petition for writ of certiorari to from the United States Supreme Court.)

The AEPDA limitations period commenced on September 23, 2006 and will expire on or about September 23, 2007.  Accordingly, Petitioner's § 2254 petition is timely.

## II. Exhaustion and Procedural Default

Respondents assert that Petitioner's Fifth Amendment claim for relief is procedurally defaulted. (docket #12)

### A.  Relevant Law

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state court

remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . .thereby alerting the court to the federal nature of the claim.").

To fairly present a claim, a habeas petitioner must cite, in state court, to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial").  Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim.  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668.  A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleading filed in that court to discover the federal claim.  *Baldwin*, 541 U.S. at 27.  In summary, a "petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(citations omitted).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nummemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error

1  of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where

2  petitioner fails to establish cause, the court need not reach the prejudice prong.

3       To establish a "fundamental miscarriage of justice" resulting in the conviction of one

4  who is actually innocent, a state prisoner must establish it is more likely than not that no

5  reasonable juror would have found him guilty beyond a reasonable doubt in light of new

6  evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

7       **B.  Application of Law to Petitioner's Claims**

8       Petitioner asserts that the trial court violated his Fifth Amendment rights by failing to

9  submit aggravating factors to a jury.  (docket # 1)  Respondents assert that Petitioner never

10  presented a Fifth Amendment claim to the state courts and, therefore, it is procedurally

11  defaulted. (docket #12) The Court agrees as review of the record reveals Petitioner never

12  presented this claim to the State courts.  Petitioner's failure to present this claim renders it

13  technically exhausted and procedurally defaulted because he cannot now return to state court

14  to present a Fifth Amendment claim.  The "deadlines" for seeking post-conviction review in the

15  state court have "long passed."  *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989)(affirming the

16  district court's dismissal of a habeas corpus petition because petition lacked a "currently

17  available state remedy at the time of the federal petition."); Ariz. R. Crim. P. 32.4 (providing

18  that a notice of post-conviction relief "must be filed within ninety days after the entry of

19  judgment and sentence or within thirty days after the issuance of the order and mandate in the

20  direct appeal, whichever is the later.")  Additionally, Petitioner is precluded from raising this

21  claim in a successive Rule 32 petition because he could have raised it in his previous Rule 32

22  petition.  Ariz. R. Crim. P. 32.2(a)(3)(establishing a defendant "shall be precluded from relief

23  under this rule based on any ground" that has been waived "in any previous collateral

24  proceeding.")

25       Because Petitioner's Fifth Amendment claim is procedurally defaulted, federal review is

26  barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice."

27  *House v. Bell*, ___, U.S.___, 126 S.Ct. 2064, 2076-77 (2006); *Bradshaw v. Richey*, 546 U.S. 74

28

(2005); *Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005)(stating "[a] prisoner who fails to comply with state procedures cannot receive federal habeas corpus review of a defaulted claim unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that failure to review the claims would result in a fundamental miscarriage of justice.")  To establish cause, a petitioner must show some objective external factor impeded his efforts to comply with the state's procedural rules. *Id.*  The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel.  *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To establish prejudice, a petitioner must demonstrate the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner has not established cause for his procedural default.  Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present his claim to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)(finding an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988)(finding petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard because he has not shown it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted); *Dretke v. Haley*, 541 U.S. 386, 393 (2004)(reaffirming the "fundamental

- 10 -

1   miscarriage of justice" standard as a "narrow exception" which only applies where "a

2   constitutional violation has 'probably resulted' in the conviction of one who is 'actually

3   innocent' of the substantive offense.")(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

4       Because Petitioner's Fifth Amendment claim is procedurally defaulted and he fails to

5   establish a basis to excuse his default, federal habeas corpus review is barred.  The Court,

6   therefore, need not reach the merits of Petitioner's Fifth Amendment claim for relief.  *Dretke v.*

7   *Haley*, 541 U.S. at 393-94.

## II.  Petitioner's *Blakely* Claim

9       Before addressing the merits of Petitioner's *Blakely* claim, the Court must resolve the

10   threshold issue of whether *Blakely* applies to Petitioner's case at all.  Respondents assert that

11   *Blakely* does not apply because Petitioner's conviction was final before *Blakely* was decided.

12   (docket #12)  Petitioner asserts that his conviction was not final until after his Rule 32 of-right

13   proceedings concluded well after *Blakely* was decided. (docket #14)  As discussed below, the

14   Court finds *Blakely* applies because Petitioner's conviction was pending on direct review when

15   *Blakely* was decided.

16       Applying the rule announced in *Summers*, Petitioner's conviction became final on or

17   about  about September 22, 2006, when his Rule 32 of-right proceedings concluded.  *Summers*,

18   481 F.3d at 711.  Thus, Petitioner's conviction was final after *Blakely* was decided in June of

19   2004 and, therefore, the rule announced in *Blakely* applies to Petitioner's case.

## A.  Standard of Review

21       This Court's analysis of the merits of Petitioner's *Blakely* claim is constrained by the

22   applicable standard of review.  A state prisoner "whose claim was adjudicated on the merits in

23   state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C.

24   § 2254(d)."  *Price v. Vincent*, 538 U.S. 634, 638 (2003).  Thus, a state prisoner is not entitled to

25   relief unless he demonstrates the state court's adjudication of his claim:

26       (1) resulted in a decision that was contrary to, or involved an unreasonable
27       application of, clearly established Federal law, as determined by the Supreme
         Court of the United States; or

28

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The federal court first determines whether the United States Supreme Court has "clearly established" the law on the legal issue which Petitioner raises. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Where the Supreme Court has not yet clearly established a rule of law, the writ will not issue. *Mitchell v. Esparaza*, 540 U.S. 12 (2003).

Under the "contrary to" clause of § 2254(d), a federal habeas court may not issue a writ, unless the state court: (1) applied a rule of law "that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). In summary, a petitioner must establish the state court applied the wrong legal rules because Supreme Court precedent requires a contrary outcome. Where a state court decision is deemed to be "contrary to" clearly established federal law, the reviewing court must next determine whether it resulted in constitutional error. *Williams*, 529 U.S. at 405; *Benn v. Lambert*, 283 F.3d 1040, 1052 n. 6 (9th Cir. 2002). If constitutional error occurred, the next question is whether such error was structural, in which case petitioner is entitled to habeas corpus relief. *Id.* If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. *Id.*

A state court decision is reviewed under the "unreasonable application of" standard where the court identifies the correct legal rule, but unreasonably applies the rule to the facts of a particular case. *Williams*, 529 U.S. at 405; *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Under this standard, "[i]t is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." *Id.*; *Andrade*, 538 U.S. at 75. Rather, the state court decision "must be objectively unreasonable." *Middleton v. McNeil*, 541 U.S. 433 (2004); *Andrade*, 538 U.S. at 76; *Rompilla*, 545 U.S. at 380. An unreasonable application is different from an incorrect application of law. *Bell v. Cone*, 535

U.S. 685, 694 (2002).  Likewise, an incorrect application of state law is insufficient to satisfy the standard of review.  *Id.*  This standard is not the same as "clear error."  *Andrade*, 538 U.S. at 75-76.  "The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."  *Id.* at 75 (citations omitted).  As with the state court decisions that are "contrary to" established federal law, where a state court decision is an "unreasonable application of" Supreme Court precedent, federal habeas relief is unavailable if the error was non-structural or harmless.  *Benn*, 283 F.3d at 1052 n. 6.

## B.  Merits of *Blakely* Claim

Petitioner argues that his aggravated sentence violates *Blakely* in which the Supreme Court held any factor which leads to a sentence greater than would be imposed based on the jury's finding of guilt must be found by a jury beyond a reasonable doubt.  (docket # 1)

Before *Blakely*, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added).  The Supreme Court specifically carved out an exception for prior convictions.  *Id.*; *United States v. Maria-Gonzalez*, 268 F.3d 664, 670 (9th Cir. 2001)(holding prior aggravated felony conviction did not constitute an element of the offense where base sentence for illegally reentering the United States following deportation is enhanced if deportation was subsequent to conviction for aggravated felony); *United States v. Castillo-Rivera*, 244 F.3d 1020, 1025 (9th Cir. 2001)(holding the district court could consider defendant's prior conviction in imposing sentence enhancement even though such conduct had not been charged in the indictment, presented to the jury, and proved beyond a reasonable doubt); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 415 (9th Cir. 2001)(noting *Apprendi* held all prior convictions are exempt under *Apprendi*'s new rule, therefore, district court properly considered prior convictions in sentencing); *United States v. Arellano-Rivera*, 244 F.3d 1119 (9th Cir. 2001)(same).

- 13 -

As previously stated, under *Blakely*, any factors which lead to a sentence greater than that which would be imposed based on the jury's finding of guilt must be found by the jury. 542 U.S. at 301. *Blakely* reaffirmed the exemption for prior convictions and reiterated that they may serve as aggravating factors without further proof. *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004)(citing *Blakely*, 542 U.S. at 303). *Blakely* also clarified that the "statutory maximum" sentence is initially the presumptive term and is the "maximum sentence the judge may impose solely *on the basis of the facts reflected in the jury verdict or admitted by the defendant*." In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 542 U.S. at 303-04 (emphasis in original). The *Blakely* Court concluded that, before a trial court can impose a sentence above the statutory maximum, a jury must find beyond a reasonable doubt, or defendant must admit, all facts "*legally essential* to punishment." *Blakely*, 542 U.S. at 313 (emphasis added).

In this case, the state court's decision that Petitioner's aggravated sentence did not violate the Sixth Amendment was neither an unreasonable application of, nor contrary to, the *Blakely* decision.

The Arizona Supreme Court considered the impact of *Blakely* on Arizona's sentencing scheme in *State v. Martinez II*, 210 Ariz. 578, 583, 115 P.3d 618, 623 (Ariz. 2005)(*Martinez II*). In Arizona, the statutory maximum sentence in a case where no *Blakely*-compliant or *Blakely*-exempt aggravating factors are present is the presumptive term identified in A.R.S. § 13-701(C). *Martinez II*, 210 Ariz. at 583, 115 P.3d at 623. However, because an Arizona defendant may receive an aggravated sentence based on only one aggravating factor, A.R.S. § 13-702(B), a single *Blakely*-compliant or *Blakely*-exempt aggravating factor establishes the facts "legally essential" to punishment. Once such a factor is established, the trial court is free to consider additional facts to determine where to sentence defendant within the aggravated range. *Id.* at 585, 115 P.3d at 625.

As discussed below, this procedure comports with the Sixth Amendment as interpreted by *Apprendi* and its progeny.  In this case, Petitioner pled guilty to theft of a means of transportation with one prior felony conviction, a Class 3 felony.  (Respondents' Exh. C) In his guilty plea, Petitioner admitted that he had been convicted of possession of marijuana with intent to deliver.  (Respondents' Exhs. C, D) The Court subsequently found that Petitioner had two additional prior felony convictions which are exempt from the rule of *Apprendi* and its progeny.  (Respondents' Exh. F at 27); *Blakely*, 542 U.S. at 301(retaining *Apprendi's* exception for prior felony convictions.)   Under Arizona law, a Class 3 felony yields a presumptive sentence of 6.5 years imprisonment.  *A.R.S. § 13-701(C)(1).*  The court could impose a mitigated terms as low as 4.5 years, or an aggravated terms as high as 13 years. *A.R.S. §13-702(A).*  Petitioner's prior felony convictions exposed him to the aggravated sentencing range, and the court was free to find and consider additional aggravating factors it deemed relevant to selecting the sentence within that range.  After finding several *Blakely*-exempt prior convictions, the court found that Petitioner's conduct harmed the victim and endangered the public.  Accordingly, the court sentenced Petitioner to an aggravated term of ten years imprisonment.  (Respondents' Exh. F)

Applying *Blakely*, courts within the Ninth Circuit have held a federal habeas petitioner's "prior conviction alone" is sufficient to support the imposition of "a sentence anywhere within the statutory range." *Jones v. Schriro*, No. CV-05-3720-PHX-JAT (DKD), 2006 WL 1794765, * 3 (D.Ariz. June 27, 2006).  In *Jones*, the court found no *Blakely* violation where petitioner's aggravated sentence was based, in part, on a prior conviction. *Id.* at * 3 n. 2.  The court also noted "'once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.'" *Id.* at * 2 (quoting *State v. Martinez*, 115 P.2d 618 (2005)).  Thus, the *Jones* court found *Blakely* was satisfied once petitioner admitted a single aggravating factor. *Id.* at * 3.  In *Jones*, petitioner admitted either in the written plea agreement, at the change of plea hearing, or at sentencing to three different aggravating factors.  *Id.*  Based on Petitioner's admission of any one aggravating factor, the

*Jones* court found the trial court was authorized to impose a sentence anywhere within the statutory range. *Id.*

Similarly, in *Stokes v. Schriro*, 465 F.3d 397, 402-03 (9th Cir. 2006), the Ninth Circuit held that:

> the Arizona state courts' interpretation of these [sentencing] provisions does not contradict clearly established federal law [*Apprendi/Blakely*]. A statutory maximum need not be defined by every one of the facts found at trial, so long as the defendant is not exposed to a greater punishment than that authorized solely by those facts (or the fact of a prior conviction) . . . Because the twenty-year sentence was authorized by the jury's findings, no *Apprendi* violation occurred and therefore the federal habeas petitioner was "not entitled to habeas relief."

*Id.* at 402-03 (internal quotations and citations omitted).

In *Garcia v. Schriro*, No. 06-855-PHX-DGC (DKD), 2006 WL 3292473 (D.Ariz., Nov. 9, 2006), the court held that petitioner's aggravated sentence did not violate *Blakely*. The *Garcia* court explained the "trial court properly considered petitioner's prior convictions as an aggravating circumstance that increased the maximum allowable sentence under *Blakely*. Once the new maximum was established, the court was free to consider the other aggravating circumstances of parole violation and pecuniary gain in deciding where to sentence petitioner within the new maximum range." *Id.* at * 2. In so finding, the court explained that Petitioner's admission of pecuniary gain in the plea agreement was sufficient to establish an aggravating factor in accordance with *Blakely. Id.* at * 3. The court also found that the trial court properly considered petitioner's prior convictions even though the plea agreement provided the state withdrew the allegations of prior convictions. *Garcia*, 2006 WL 3292473, * 2. The court noted the prior convictions were not alleged for enhancement purposes and the court learned of the prior convictions from a probation officer's pre-sentence investigation report and from petitioner's counsel. *Id.*

In *Nino v. Flannigan*, No. 2:04cv2298-JWS (CRP), 2007 WL 1412493 (D.Ariz., May 14, 2007), the court found petitioner's aggravated sentence comported with *Blakely* because one of the aggravating factors, a prior conviction, was *Blakely*-exempt, and the other aggravating

1  factor was admitted by Petitioner during the plea colloquy.  *Id.* at * 4.   The court explained,

2  under A.R.S. § 13-702, the existence of a single aggravating factor exposes a defendant to an

3  aggravated sentence.

4         Similarly, in this case, Petitioner committed theft of a means of transportation with prior

5  felony convictions.  Petitioner's three prior convictions exposed him to the aggravated term of

6  ten years' imprisonment.  The trial court also found other aggravating factors including harm

7  to the victim and public endangerment. (Respondents' Exh. F)  However, the fact that Petitioner

8  committed theft of a means of transportation with prior felony convictions meant that Petitioner

9  was already exposed to the fully aggravated term.  *Blakely*, 542 U.S. at 303-04.  Without any

10 additional findings by a jury, Petitioner's criminal record expanded the sentencing range to

11 include a fully aggravated sentence of thirteen years.   Therefore, Petitioner's aggravated

12 sentence comports with the Sixth Amendment.

13        Based on the foregoing, the Court concludes the state court's decision that Petitioner's

14 aggravated sentence did not violate the Sixth Amendment is neither contrary to, nor an

15 unreasonable application of *Blakely*.  Contrary to Petitioner's assertion, the trial court properly

16 considered his prior felony convictions, one of which Petitioner admitted in the plea agreement.

17 (Respondents' Exh. C) The trial court properly considered the prior felony convictions as

18 aggravated circumstances that increased the maximum allowable sentence under *Blakely*.

19 *Garcia*, 2006 WL 3292473, * 2.  Once the new maximum was established, the trial court was

20 free to consider other aggravating factors in deciding where to sentence Petitioner within the

21 new maximum sentencing range.  *Jones*, 2006 WL 1794765, * 3; *Stokes*, 465 F.3d 397, * 2-3;

22 *Garcia*, 2006 WL 3292473, * 2.  Because the sentence imposed comported with the Sixth

23 Amendment as construed in *Blakely*, Petitioner is not entitled to habeas corpus relief.

24      **C.  Petitioner's Notice of Supplemental Authority**

25        After briefing closed in this matter, Petitioner filed a Notice of Supplemental Authority

26 citing *Cunnigham v. California*, ___U.S.___, 127 S.Ct. 856, 871 (Jan. 22, 2007), in which the

27 Supreme Court invalidated California's determinate sentencing law ("DSL") under the Court's

28

1    *Apprendi/Blakely* jurisprudence.  *Cunningham* does not change the conclusion that Petitioner

2    is not entitled to habeas corpus relief.

3        In *Cunningham*, the Supreme Court held that California's determinate sentencing law

4    ("DSL") was unconstitutional because it provided that an "upper term" sentence beyond the

5    applicable statutory maximum could be imposed only when a trial judge, not a jury, finds

6    aggravating circumstances.  *Id.* at 868.  The Court noted that under California's DSL, "[a]n

7    element of the charged offense, essential to the jury's determination of guilt, or admitted in a

8    defendant's guilty plea, does not qualify as such a circumstance.  127 S.Ct. at 868.  Rather,

9    under California law, "aggravating circumstances depend on facts found discretely and solely

10   by the judge." *Id.*  The Court concluded that "[b]ecause circumstances in aggravation are found

11   by the judge, not the jury, and need only be established by a preponderance of the evidence, not

12   beyond a reasonable doubt, . . . the DSL violates *Apprendi's* bright-line rule: Except for a prior

13   conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory

14   maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.*

15       As discussed below, *Cunningham* does not apply to this case.  First, the factual situation

16   in *Cunningham* is distinguishable from Petitioner's situation.  California's sentencing laws

17   prohibited the imposition of a sentence beyond a specified statutory range unless the court made

18   specific findings of "aggravated circumstances" that ranged *beyond* the fact of a prior

19   conviction. *Cunningham*, 127 S.Ct. at 862.  Unlike Arizona's sentencing scheme, the California

20   DSL specifically prohibited the trial court from relying on constitutionally compliant

21   aggravating factors to increase a defendant's sentence. *Cunningham*, 127 S.Ct. at 868.

22   Specifically, "[u]nder California's DSL, an upper term sentence may be imposed only when the

23   *trial judge* finds an aggravating circumstance.  An element of the charged offense, essential to

24   a jury's determination of guilt, or admitted in an defendant's guilty plea, does not qualify as

25   such circumstance. . . . Instead, aggravating circumstances depend on facts found discretely and

26   solely by the judge." *Id.* (citations omitted).  The Supreme Court observed that the "trial judge

27   found by a preponderance of the evidence six aggravating circumstances, among them, the

28                                                    - 18 -

1   particular vulnerability of Cunningham's victim, and Cunningham's violent conduct, which

2   indicated a serious danger to the community." *Id*. at 860. None of the aggravating circumstances

3   which the trial court found in *Cunningham* was a prior conviction or otherwise compliant with

4   *Blakely*. Defendant in *Cunningham* had no prior felony convictions and the court concluded

5   that Cunningham's lack of a criminal record was a mitigating factor. *Id.* at 860-61.

6        Unlike *Cunningham*, Petitioner's prior convictions - which are exempt from the rule of

7   *Apprendi/Blakely* - exposed Petitioner to an aggravated sentence under Arizona law. *Martinez*,

8   210 Ariz. at 584-85, 115 P.3d at 624-25.   The Supreme Court has never held that the Sixth

9   Amendment prohibits the imposition of an elevated sentence where at least one *Blakely*-exempt

10  aggravating circumstance expands the sentencing range.   Accordingly, the Arizona courts'

11  rejection of Petitioner's *Blakely* challenge to his aggravated sentence was neither contrary to,

12  nor an unreasonable application of, clearly established federal law, as established by the

13  holdings of the Supreme Court.

14       Moreover, the AEDPA requires this Court to limit its review to clearly established

15  federal law that existed at the time of the state court decision at issue. *Williams v. Taylor*, 529

16  U.S. 362 (2000)(explaining that "clearly established federal law" in § 2254(d)(1) "refers to the

17  holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-

18  court decision.")  As the Second Circuit noted in rejecting a Sixth Amendment challenge to

19  judicial findings in a non-capital case:

20          Later Supreme Court decisions play no role in assessing the reasonableness
            of the state court decisions (footnote omitted).  Accordingly, our appraisal
21          of reasonableness of the state court interpretations of *Apprendi* may not be
            influenced by the Supreme Court's subsequent elucidation in such cases as
22          *Blakely v. Washington*, [542 U.S. 296 (2004)] and *United States v. Booker*,
            [543 U.S. 220 (2004)].  We conclude that the state courts did not unreasonably
23          apply *Apprendi* and the cases that preceded it, as understood at the time, and
            therefore, that Petitioners are not entitled to habeas relief.
24
    *Brown v. Greiner*, 409 F.3d 523, 533-34 (2nd Cir. 2005); *Allen v. Reed*, 427 F.3d 767, 774 (10th
25
    2005).
26

27

28
                                           - 19 -

1    In this case, the last non-capital Sixth Amendment case available at the time of the last

2    reasoned decision of the State court in this case was *Blakely*.  In *Blakely* and its precursor,

3    *Apprendi*, the trial court had improperly increased the sentencing range based upon the judicial

4    finding of one fact that was not inherent in the jury verdict, not admitted by the defendant, and

5    not a prior conviction.  *Cunningham*, 127 S.Ct. at 856-66 (stating that "Blakely was sentenced

6    to 90 months' imprisonment, more than 3 years above the standard range, based on the trial

7    judge's finding that he acted with deliberate cruelty . . . . The judge could not have sentenced

8    Blakely above the standard range without finding the additional fact of deliberate cruelty.

9    Consequently, that fact was subject to the Sixth Amendment's jury-trial guarantee.")(citing

10   *Blakely*, 542 U.S. at 299-300).

11    The Supreme Court has not considered the situation in this case – where the trial judge

12   imposed a sentence above the statutory maximum based upon one fact that was either *Blakely*-

13   compliant or *Blakely*-exempt, and additional facts that were neither found by a jury nor

14   otherwise complied with *Blakely*.  Accordingly, this Court cannot find that the state court's

15   rejection of Petitioner's Sixth Amendment/*Blakely* claim is either contrary to, or involved an

16   unreasonable application of, clearly establishes federal law, as determined by the United States

17   Supreme Court at the time of the state court's decision.  28 U.S.C. §2254(d).

18   **III.  Conclusion**

19    In summary, Petitioner has not established a basis for relief under § 2254 and the Petition

20   should be denied.

21    Accordingly,

22    IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus

23   pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

24    This recommendation is not an order that is immediately appealable to the Ninth Circuit

25   Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate

26   Procedure, should not be filed until entry of the District Court's judgment.  The parties shall

27   have ten days from the date of service of a copy of this recommendation within which to file

28

specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of July, 2007.


Lawrence O. Anderson
United States Magistrate Judge

- 21 -