**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jason G. Van Norman,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro; and Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV-06-1808-PHX-DGC (LOA)<br><br>**ORDER** |

Pending before the Court are Petitioner Jason Van Norman's petition for writ of habeas corpus and United States Magistrate Judge Lawrence Anderson's report and recommendation ("R&R"). Dkt. ##1, 16. The R&R recommends that the Court deny the petition. Petitioner has filed objections to the R&R. Dkt. #17. The Court will accept the R&R and deny the petition.

**I.     Background.**

Petitioner pled guilty in state court to theft of a means of transportation with one prior felony conviction. The trial court sentenced Petitioner to an aggravated ten-year prison term. The trial court found and considered three aggravating factors: Petitioner's three prior felony convictions, the harm caused to the victim, and the danger posed to the public.

The trial court granted Petitioner's petition for post-conviction relief on the ground that the aggravated sentence was unconstitutional. Relying on *Blakely v. Washington*, 542 U.S. 296 (2004), the trial court reasoned that the aggravated sentence violated Petitioner's Sixth Amendment right to a jury trial because the court had enhanced the sentence based in

part on subjective findings of non-prior conviction aggravating circumstances. The Arizona Court of Appeals reversed, holding that because Petitioner's prior felony convictions were *Blakely*-exempt factors, the trial court was permitted to find and consider additional aggravating factors in determining the appropriate sentence. The Arizona Supreme Court denied review.

## II.   Standard of Review.

The Court may not grant habeas relief unless it concludes that the state's "adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

## III.   Analysis.

Petitioner claims that the aggravated sentence imposed by the trial court violated his Fifth Amendment right to due process and his Sixth Amendment right to trial by jury. Dkt. #1 at 5. The R&R concludes that the Fifth Amendment claim is barred because it is procedurally defaulted and Petitioner has not established a basis to excuse his default. Dkt. #11 at 9-11. Petitioner does not object to this conclusion, which relieves the Court of its obligation to conduct de novo review of the issue. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). The Court will accept the R&R with respect to Petitioner's Fifth Amendment claim.

The R&R further concludes that the state's rejection of Petitioner's *Blakely* challenge was neither contrary to, nor an unreasonable application of, Supreme Court jurisprudence because the Supreme Court has never held that the Sixth Amendment prohibits the imposition of an enhanced sentence where at least one *Blakely*-exempt aggravating factor expands the sentencing range. Dkt. #16 at 14-19. The R&R notes that courts in this Circuit

1 have consistently held that a prior conviction alone is sufficient to increase the range within
2 which a judge may impose a sentence. *Id.* at 15-17 (citing *Jones v. Schriro*, No. CV 05-
3 3720-PHX-JAT, 2006 WL 1794765 (D. Ariz. June 27, 2006); *Garcia v. Schriro*, No. 06-
4 0855-PHX-DGC (DKD), 2006 WL 3292473 (D. Ariz. Nov. 9, 2006); *Nino v. Flannigan*,
5 No. 2:04-cv-02298-JWS, 2007 WL 1412493 (D. Ariz. May 14, 2007)).

6       Petitioner objects to the R&R on the ground that the Magistrate Judge relied solely
7 on decisions from courts of this District in support of his conclusion that the state's
8 adjudication of Petitioner's claim was not inconsistent with the *Blakely*. Dkt. #17 at 5. But
9 Petitioner does not explain why the reasoning of the district court decisions is incorrect.
10 Moreover, the Magistrate Judge also relied on *Stokes v. Schriro*, 465 F.3d 397 (9th Cir.
11 2006), in which the Ninth Circuit held that there is no *Blakely* violation where the defendant
12 is not exposed to a greater sentence than that authorized solely by the facts found at trial or
13 the fact of a prior conviction. *Id.* at 16 (citing *Stokes*, 465 F.3d at 402-03).

14       The R&R correctly concludes that the state's adjudication of Petitioner's claim was
15 neither contrary to, nor an unreasonable application of, the *Blakely* line of cases. *See*
16 *Blakely*, 542 U.S. 296; *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v.*
17 *Booker*, 543 U.S. 220 (2005). Under Arizona's sentencing scheme, the existence of a single
18 aggravating factor exposes a defendant to an enhanced sentence. *See* A.R.S. § 13-702. In
19 applying *Blakely* to this sentencing scheme, the Arizona Supreme Court concluded that "once
20 a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits
21 the sentencing judge to find and consider additional factors relevant to the imposition of a
22 sentence up to the maximum[.]" *State v. Martinez*, 115 P.3d 618, 625 (Ariz. 2005). "In other
23 words, once an aggravating factor – properly established through a jury finding, an
24 admission, *or a prior conviction* – increases a defendant's maximum sentence, the court may
25 independently find and consider other aggravating factors to support a sentence within the
26 new maximum." *Garcia*, 2006 WL 3292473, at *2 (emphasis added).

27       In this case, the trial court properly considered Petitioner's prior convictions as an
28 aggravating circumstance that increased the maximum allowable sentence under *Blakely*.

Once the new maximum was established, the court was free to consider the aggravating circumstances of harm to the victim and danger to the public in deciding where to sentence Petitioner within the new maximum range. *See Booker*, 543 U.S. at 230; *Martinez*, 115 P.3d at 624-25 (interpreting *Blakely* and *Booker* to require that only the aggravating factor that initially increases a sentencing ceiling must comport with *Blakely's* heightened proof requirements). Petitioner's aggravated sentence comports with the Sixth Amendment. *See Jones*, 2006 WL 1794765, at *3 n.2 ("Based upon Jones' prior conviction alone, the sentencing judge was authorized to find the remaining aggravating factors."); *Nino*, 2007 WL 1412493, at *4 ("A history of prior convictions is *Blakely* exempt. Therefore, since one *Blakely* exempt factor supports the aggravated sentence, consideration of other factors [when] imposing the sentence does not violate Petitioner's Fifth and Sixth Amendment rights established in *Blakely*."); *Beals v. Bartos*, No. 2:06-cv-00801-JWS, 2007 WL 2220467, at *8 (D. Ariz. Aug. 2, 2007) ("Although the trial court also found several other aggravating factors, Petitioner's prior felony convictions were sufficient to expose him to the aggravated term of 10 years' imprisonment."). The Court will accept the R&R with respect to Petitioner's Sixth Amendment claim.

**IT IS ORDERED:**

1. Magistrate Judge Lawrence Anderson's report and recommendation (Dkt. #16) is **accepted**.
2. Petitioner Jason Van Norman's petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The Clerk shall **terminate** this action.

DATED this 13th day of August, 2007.

_____
David G. Campbell
United States District Judge

- 4 -